SLIP OPINION

2014 Ark. App. 595

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-14-78

|  |  |  |
|---|---|---|
| | | **Opinion Delivered:** October 29, 2014 |
| GRAIG B. LINTZ | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [17CR-11-355-A] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE GARY COTTRELL, JUDGE |
| | | AFFIRMED |

## RHONDA K. WOOD, Judge

Graig B. Lintz appeals the revocation of his suspended sentence. He challenges the court's finding that there was sufficient evidence that he violated the terms of his suspended sentence. He additionally contends that the revocation was improper because the State did not introduce the original conviction into evidence. We find no error and affirm.

In June 2012, Lintz pleaded guilty to commercial burglary and theft of property. He received a thirty-six-month suspended sentence. The court conditioned his suspended sentence on, among other things, not committing any criminal offense punishable by imprisonment. In July 2013, the State filed a petition to revoke his suspended sentence on the grounds that he had committed harassment and third-degree battery. The court revoked his suspended sentence following a revocation hearing.

Lintz's first argument on appeal is that there was insufficient evidence to support the court's findings that he violated a term of his suspended sentence. A circuit court may revoke a defendant's suspended sentence if it finds by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of the suspended sentence. Ark. Code Ann. § 16-93-308(d) (Supp. 2013). To revoke a suspended sentence, the burden is on the State to prove a violation by a preponderance of the evidence. *Crouse v. State*, 2012 Ark. 442. Upon appellate review, a circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Id.*

At the hearing, Shannon Stervieant testified that Lintz and some other boys made derogatory comments to his thirteen-year-old daughter while passing his house. Stervieant confronted the boys and instructed his wife to call the police. He testified that Lintz hit him in the temple with a rock. The rock caused a concussion and a gash on Stervieant's head for which he received medical treatment two days later. Stervieant's sister, who was also at the scene, notified the police that the nickname of the boy who hit Stervieant was "Froggy." From this, the police officer determined that the perpetrator was Lintz. At the revocation hearing, Stervieant identified Lintz as the boy who had hit him with the rock. Stervieant's son and wife also testified and corroborated Stervieant's testimony: both identified Lintz as the perpetrator.

After observing the witnesses, the circuit court found that they were "very credible" and were "on point as far as sure identification of Mr. Lintz." The circuit court further found that the witnesses for the defense were not as credible. He then revoked the suspended imposition of sentence.

We cannot say that the court's decision was clearly against the preponderance of the evidence. A determination of a preponderance of the evidence turns on questions of credibility and weight given to testimony. *Id*. Thus, we defer to the circuit judge's superior position in such matters. *Id*. Additionally, the burden of proof is at a lower threshold in revocation proceedings than in a criminal trial. *Andrews v. State*, 2009 Ark. App. 624. In light of the lesser burden of proof and the deference given to the circuit court's superior position to gauge the credibility of the witnesses, we hold that the circuit court had sufficient evidence to show that Lintz committed new criminal acts.

Lintz additionally contends that the State failed to prove that he was under a suspended sentence because the State did not enter the original sentencing order into evidence. However, the circuit court stated at the hearing that it had a copy of the sentencing order in the case file before the court. A circuit court may take judicial notice of its own records in the case file for the same case. *Gray v. State*, 2010 Ark. App 159.

Therefore, because the circuit judge explained that he had the sentencing orders already before him in the case file, he did not err in taking judicial notice of those records. These sentencing orders established that Lintz was under a suspended sentence for a period of thirty-six months as of July 2, 2012. The new offense occurred within this thirty-six-month period. It was therefore proper for the court to revoke the suspended imposition of sentence.

Affirmed.

GLOVER and VAUGHT, JJ., agree.

*Lisa-Marie Norris*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Rachel H. Kemp*, Ass't Att'y Gen., for appellee.

3